May Term,
1850.

WAYMAN *v.* HAZZARD.

WAYMAN
v.
HAZZARD.

Upon an appeal from a justice's judgment to the Circuit Court, the appellant had subpœnaed the appellee, who was a resident of another county, to testify as a witness. On the service of the subpœna, the appellee demanded his fees, which were not paid. He did not appear at the trial, and the appellant claimed to have his pleas taken as true, which the Court refused. *Held,* that the appellant could not have compelled the appellee's attendance as a witness, he not having paid his fees when demanded, and, therefore, the defence set up could not have been taken as confessed.

*Monday,*
*July* 15.

ERROR to the *Wayne* Circuit Court.

PERKINS, J.—*Hazzard* sued *Wayman* in assumpsit before a justice of the peace. *Wayman* pleaded the statute of limitations, and a set-off. From the judgment of the justice, an appeal was taken to the Circuit Court. In that Court, *Wayman,* an inhabitant of *Wayne,* had *Hazzard,* an inhabitant of *Henry,* county, subpœnaed to testify in his behalf, as a witness, on the trial of the cause. On the service of the subpœna, *Hazzard* demanded his fees, but they were not paid, and the sheriff so returned upon the writ. *Hazzard* did not appear at the trial, and thereupon *Wayman* claimed to have his pleas taken as true, and that the cause should be decided accordingly, but the Court refused so to consider them, and this presents the only question in the cause in this Court.

Sections 81, 82, 83, p. 877, R. S., provide that, in actions on contract before a justice of the peace, either party, at the option of the other, may be made a witness. Section 84 is as follows:

"Either party, residing in the county where such action is pending, may, at the request of his adversary, be subpœnaed and compelled to attend and testify as aforesaid, in the manner and under the same penalties as other witnesses."

Section 85 provides that upon the refusal of either party to attend as a witness when so subpœnaed, the cause of action or defence, as the case may be, shall, as to such refusing party, be taken as confessed. Section 87 is as follows:

"In the trials of all appeals in such cases in the Circuit Court, the provisions of the five last preceding sections shall be adopted and pursued, except that if the plaintiff or defendant reside in another county, he may be subpœnaed and compelled to appear and testify as other witnesses."

Section 247, p. 718, R. S., provides that, where a witness is subpœnaed to attend a Court in a different county from that in which he resides, and demands payment of his fees when subpœnaed, and they are not paid, he cannot be compelled, by attachment, to attend upon said Court in the cause in which he may have been subpœnaed.

According to these statutory provisions *Wayman* could not have compelled *Hazzard's* attendance as a witness in this cause in the Circuit Court, he not having paid him his fees when demanded on being subpœnaed. And we think that, for the same reason, he could not claim to have the defence set up taken as confessed against him. The decision of the Court below was right.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. Rariden*, for the plaintiff.

*C. H. Test*, for the defendant.